IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED MAY 22 '02 AM 11:23 USDCALS

MOBILE BAY WOOD CHIP, et al.,          )
                                       )
          Plaintiffs,                  )
                                       )
vs.                                    )    CIVIL ACTION NO 02-0096-P-L
                                       )
MARUBENI CORPORATION, et al.,          )
                                       )
          Defendants.                  )

## REPORT AND RECOMMENDATION

This matter is before the Court on plaintiffs' Motion to Remand (Doc. 4), and has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, it is recommended that plaintiffs' motion be granted, and that this action be remanded to the Circuit Court of Mobile County, Alabama.

I. Procedural Summary

On December 28, 2001, plaintiffs Mobile Bay Wood Chip (an Alabama general partnership), Mid-Atlantic Terminals, Inc. (an Alabama corporation), and Southeast Wood Fiber, L.L.C. (an Alabama limited liability company) filed suit in the Circuit Court of Mobile County, Alabama, against defendants Marubeni Corporation (a Japanese corporation) and Marubeni Pulp & Paper, Inc. (a Delaware corporation). (Doc. 1). The action, which concerns a dispute involving the manufacture, purchase and sale of wood chips, contains allegations of breach of contract, fraud and misrepresentation, and seeks compensatory and punitive damages.

On February 7, 2002, defendant Marubeni Pulp & Paper, Inc., with the consent of defendant Marubeni Corporation, timely filed its Notice of Removal in this Court.[1]  (Id.). Defendants' notice asserted the subject-matter jurisdiction of this Court, in sum, on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.  According to defendant, "complete diversity" of citizenship exists on the basis that "[p]laintiffs are citizens of Alabama or Georgia, but not of Delaware or New York."  (Doc. 1, at 3).  Defendant added that defendant Marubeni Pulp & Paper, Inc. "is a citizen of Delaware with its principal place of business in New York."  (Id.).  See 28 U.S.C. § 1441(a)("...any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").  On February 14, 2002, defendant Marubeni Pulp & Paper, Inc. filed its answer and asserted various counterclaims against plaintiffs.  (Doc. 2).

On March 4, 2002, plaintiffs filed their Motion to Remand, the subject of this Report and Recommendation.  (Doc. 4).  In their motion, plaintiffs allege that defendant's notice of removal was deficient because "it failed to properly allege the citizenship of all plaintiffs."  (Id., at 1).  In sum, plaintiffs assert that one of the "members" of plaintiff Southeast Wood Fiber, LLC, is an entity with corporate citizenship in both Alabama and Delaware – Southern Hardwood Chips. Inc.

---

[1]On May 2, 2002, defendant Marubeni Corporation filed a Motion to Dismiss (See Docs. 25, 26 and 27).  On May 8, 2002, the Court endorsed as granted plaintiffs' Motion to Extend Time to Respond to Motion to Dismiss (Doc. 30), providing plaintiffs ten days to respond to the motion to dismiss, from the date the Court denies the plaintiff's motion to remand, in the event the Court denies the motion to remand.  The Court's ruling in this regard was based primarily on the principle that it is most appropriate for the Court first to rule on matters concerning its jurisdiction, prior to addressing other matters.  See, e.g., Univ. of South Alabama v. American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999).

Thus, it is maintained that, because one of this particular plaintiff's "members" is a Delaware corporation, and because one of defendants also is a Delaware corporation – Marubeni Pulp & Paper, Inc. – complete diversity does not exist in this action. In support of this assertion with respect to the Delaware citizenship of Southern Hardwood Chips, Inc., plaintiffs provided no backup documentation to support the same, and only briefly and in a conclusory manner referred to that alleged fact in a supporting affidavit of Jerry Broughton, "manager of Southeast Wood Fiber, LLC." (Id., at affidavit). According to Mr. Broughton, "Southern Hardwood Chips, Inc., when the complaint was filed in this matter, up through and including the present time, is a Delaware Corporation with its principal place of business in Mobile County, Alabama." (Id.). On March 7, 2002, plaintiffs filed their reply to defendant's counterclaim. (Doc. 6).

On March 20, 2002, defendant Marubeni Pulp & Paper, Inc. filed its Opposition to Plaintiffs' Motion to Remand. (Doc. 8). Inter alia, defendant points out, correctly, that "[p]laintiffs do not say when or why Southern Hardwood Chips, Inc. became a Delaware citizen." (Id., at 3)(alteration in original). At this point in its memorandum of points and authorities, defendant adds that this question was "shortly to be answered," explaining that:

> MPP [Marubeni Pulp and Paper, Inc.] has discovered that Southern Hardwood Chips, Inc. was, in fact, an Alabama corporation until December 27, 2001, the day before Plaintiffs filed the complaint in this action. The company that has become Southern Hardwood Chips, Inc. was created as a Delaware corporation just in time to merge with its Alabama namesake and change its name to conceal the merger. As the Exhibits attached to the accompanying Declaration of Edward Flanders dated March 19, 2002 demonstrate, SHC, Inc. was incorporated in Delaware on December 20, 2001. (Ex. 1, SHC, Inc. Certificate of Incorporation.) The merger certificate was signed by Russell Myles, who is the sole director and shareholder of each corporation. (Id., [par.] 2.)[footnote omitted] On the very next day, Plaintiffs filed the Complaint. In this contrived manner, Plaintiffs would have the Court conclude that diversity is destroyed.

(Doc. 8, at 3)(alteration in original).[2]

On April 3, 2002, plaintiffs filed their Reply Brief in Support of Motion to Remand. (Doc. 13). On April 15, 2002, the Court denied defendant Marubeni Pulp & Paper, Inc.'s Motion to Strike Plaintiffs' Reply Brief, and granted its motion for Leave to File a Surreply Memorandum of Law, each filed on April 12, 2002. (Doc. 17). On April 24, 2002, defendant Marubeni Pulp & Paper, Inc. filed its Surreply Memorandum of Law. (Doc. 23).

On April 24, 2002, a status conference was held before the undersigned, and an evidentiary hearing was scheduled to address the following limited factual issue, alleged by plaintiffs and disputed by defendants – that Southern Hardwood Chips, Inc., was a "member" of Southeast Wood Fiber, L.L.C., as of the date of the filing of the complaint in this action in the Circuit Court of Mobile County, Alabama. (Doc. 24). On May 6, 2002, counsel for the parties advised the Court that, in light of information contained in documents provided to defendants by plaintiffs in advance of the hearing, this fact alleged by plaintiffs no longer was disputed by defendants. On this basis, the hearing was cancelled, and, on May 7, 2002, the Court took the instant motion to remand under submission. (Doc. 29).

Thus, the issue before the Court is whether the timing and circumstances surrounding the addition of Delaware citizenship for Southern Hardwood Chips, Inc. may provide the basis for denying plaintiffs' motion to remand this action to the Circuit Court of Mobile County, Alabama.

---

[2]The declaration of Mr. Flanders, referred to supra, was included as an exhibit to defendants' motion. (Doc. 9). However, on May 21, 2002, defendants moved to substitute Mr. Flanders' declaration with another declaration of Mr. Flanders. (Doc. 11). The Court grants this motion.

II. Discussion

"It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction.
They are 'empowered to hear only those cases within the judicial power of the United States as
defined by Article III of the Constitution,' and which have been entrusted to them by a
jurisdictional grant authorized by Congress." Univ. of South Alabama, 168 F.3d at 409 (quoting
Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)).  "And because the Constitution
unambiguously confers this jurisdictional power to the sound discretion of Congress, federal
courts should proceed with caution in construing constitutional and statutory provisions dealing
with their jurisdiction." Univ. of South Alabama, 168 F.3d at 409 (citations and internal
quotation marks omitted).  "When a federal court acts outside its statutory subject-matter
jurisdiction, it violates the fundamental constitutional precept of limited federal power." Victory
Carriers, Inc. v. Law, 404 U.S. 202, 212, 92 S.Ct. 418, 425, 30 L.Ed.2d 383 (1971).

As referred to supra, defendants' Notice of Removal was predicated on an assertion that
diversity of citizenship exists among the parties in this action.  The federal diversity jurisdiction
statute provides in pertinent part that, "[t]he district courts shall have original jurisdiction of all
civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of
interest and costs, and is between...citizens of different states." 28 U.S.C. § 1332(a)(1).
Defendants have the "burden of producing facts supporting the existence of federal subject matter
jurisdiction by a preponderance of the evidence." Hobbs v. Blue Cross Blue Shield, 276 F.3d
1236, 1242 (11th Cir. 2001)(citing Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th
Cir. 1998)).  See also Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir.
1996)("[t]he proper balance between a plaintiff's right to choose his forum and a defendant's right

to remove, without unnecessarily expanding federal diversity jurisdiction, is struck by a 'preponderance of the evidence' standard."); Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002)("[a] removing defendant bears the burden of proving proper federal jurisdiction."); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir.), cert. denied, 520 U.S. 1162, 117 S.Ct. 1349, 137 L.Ed.2d 506 (1997); Univ. of South Alabama, 168 F.3d at 411-12; Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

The federal diversity jurisdiction statute also provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. § 1332(c)(1).  In this regard, "[t]he diversity statute was amended in 1958 to give corporations dual citizenship; in addition to the traditional citizenship in the state of incorporation, a corporation would also be considered a citizen of the state where it has its principal place of business.  The purpose of the amendment was to reduce the availability of diversity jurisdiction."  In re Commonwealth Oil Refining Co., Inc., 596 F.2d 1239, 1247 n.17 (5th Cir.), cert. denied, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980)[3](citing S.Rep. No. 1830, 85th Cong., 2d Sess. (1958), Reprinted in U.S.Code Cong. & Admin.News, 1958, pp. 3099, 3100).

In deference to the limited nature of federal jurisdiction, and in recognition of federal-state comity, Congress has specifically proscribed attempts by parties to create diversity jurisdiction in the federal courts through perfunctory and superficial means.  Most notably, in 1948, Congress enacted the following: "A district court shall not have jurisdiction of a civil action in which any

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

party, by assignment or otherwise, has been improperly or collusively made or joined to invoke

the jurisdiction of such court." 28 U.S.C. § 1359.  Since becoming law, this statute has been

interpreted in a myriad of cases in federal district and circuit courts across the nation as deeming

as relevant the motive of parties found to have engaged in "improper" or "collusive" attempts to

invoke a federal court's diversity jurisdiction.  See e.g., Prudential Oil Corp. v. Phillips Petroleum

Co., 546 F.2d 469, 476 (2nd Cir. 1976)(assignment of interest in order to manufacture jurisdiction

was prohibited); Nike, Inc. v. Comercial Iberica De Exclusivas, 20 F.3d 987, 992 (9th Cir.

1994)(assignment to the parent company in order to create jurisdiction was prohibited); Caribbean

Mills, Inc. v. Kramer, 394 U.S. 823, 828-29, 89 S.Ct. 1487, 1490, 23 L.Ed.2d 9 (1969).  The

facts in such cases predominately concern ultimately fruitless attempts by parties to invoke

diversity jurisdiction by assigning, pre-suit, their interest in the dispute to an individual or entity

whose residence or citizenship is, for diversity of citizenship purposes, different from that of an

opposing party.  The United States Supreme Court has observed that the underlying purpose of

section 1359 is to prevent the "manufacture of Federal jurisdiction" through the execution of

"assignments...which are easy to arrange and involve few disadvantages for the assignor", – "the

very thing which Congress intended to prevent when it enacted [section] 1359...." Id.

   Decisions of the United States Court of Appeals for the Eleventh Circuit, interpreting the

diversity statute and other issues bearing on whether a federal court has diversity jurisdiction,

have made it clear that those statutes shall be strictly construed.  "Because removal jurisdiction

raises significant federalism concerns, federal courts are directed to construe removal statutes

strictly." Univ. of South Alabama, 168 F.3d at 411.  "In light of the federalism and separation of

powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly

construe the statutory grant of diversity jurisdiction, or as the Supreme Court has put it, to

'scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'"

Morrison v. Allstate Indemnity Company, 228 F.3d 1255, 1268 (11th Cir. 2000)(quoting Snyder v.

Harris, 394 U.S. 332, 340, 89 S.Ct. 1053, 1059, 22 L.Ed.2d 319 (1969)).  See also Crowe v.

Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).

Furthermore, as admonished recently by the Eleventh Circuit, "[a]s courts of limited

jurisdiction, lower federal courts may decide a case only when Article III of the Constitution

provides that the federal judicial power extends to the case and when Congress has granted

jurisdiction. When a federal court acts outside its jurisdiction, it violates principles of separation

of powers and federalism, interfering with Congress's authority to demarcate the jurisdiction of

lower federal courts, and with the states' authority to resolve disputes in their own courts.... For

this reason, when there are doubts as to whether removal jurisdiction is proper, we favor remand

of removed cases."  Anderson v. H&R Block, Inc., 287 F.3d 1038, 1041 (11th Cir. 2002)(internal

citations omitted).  "Federal courts are courts of limited jurisdiction, and there is a presumption

against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are

to be resolved in favor of remand."  Russell Corporation v. American Home Assurance Company,

264 F.3d 1040, 1050 (11th Cir. 2001)(citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th

Cir. 1994)).  "A presumption in favor of remand is necessary because if a federal court reaches the

merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it

deprives a state court of its right under the Constitution to resolve controversies in its own

courts."  Univ. of South Alabama, 168 F.3d at 411.  "Defendant's right to remove and plaintiff's

right to choose his forum are not on equal footing...."  Burns, 31 F.3d at 1095.

In the instant action, the record before the Court reflects, and plaintiffs would be hard-pressed to dispute, that plaintiffs engaged in a premeditated series of exercises whose primary, if not sole, purpose was to destroy diversity jurisdiction over this action.  It is apparent that plaintiffs have gone to great lengths to have its lawsuit determined in a state court.  Beginning on December 20, 2001, and concluding on December 27, 2001, Southern Hardwood Chips. Inc. was transformed from being only an Alabama corporation to also possessing citizenship in Delaware.  In particular, on December 20, 2001, a new corporation named "SHC, Inc." was formed in Delaware.  On December 27, 2001, Southern Hardwood Chips, Inc., an Alabama corporation, was merged into "SHC, Inc."  Upon execution of the merger, the new Delaware corporation "SHC, Inc." was renamed as "Southern Hardwood Chips, Inc."  (See Docs. 8, 9 and 11).  The next day, December 28, 2001, plaintiffs filed their complaint against defendants in the Circuit Court of Mobile County, Alabama.  It is now undisputed that, as of the date of the filing of the complaint in state court, Southern Hardwood Chips, Inc. was a "member" of plaintiff Southeast Wood Fiber, L.L.C., resulting in an absence of complete diversity of citizenship among the parties in this action.[4]  See, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)(the citizenship of a limited liability company is determined by the citizenship of its members).  The record before the Court does not reflect any tangible aspect of the management, operations or commerce engaged in by Southern Hardwood Chips, Inc. that actually occurs in Delaware, as its business appears to continue to be transacted in and out of Alabama.

---

[4]Defendant Marubeni Pulp & Paper, Inc. is a Delaware citizen with its principal place of business in New York.  (Doc. 1, at 3).

Nevertheless, in the present action, were the Court called on to consider Southern Hardwood Chips, Inc.'s "eleventh hour" addition of Delaware citizenship in the context of an attempt to <u>invoke</u> this Court's jurisdiction, the motive for plaintiff's action would be relevant to this Court's analysis, and likely would run afoul of the protections afforded by 28 U.S.C. § 1359. However, such is not the case in the present action. There simply is no parallel statute to section 1359 which similarly proscribes the "improper" or "collusive" attempt by a party to <u>destroy</u> federal diversity jurisdiction.[5] Until such time as Congress enacts such legislation this Court has no legal basis upon which to maintain subject-matter jurisdiction over this action. "As courts of limited jurisdiction, lower federal courts may decide a case only when Article III of the Constitution provides that the federal judicial power extends to the case and when Congress has granted jurisdiction." <u>Anderson</u>, 287 F.3d at 1041 (internal citations omitted). Moreover, "United States District Courts are courts of limited jurisdiction. Creatures of statute, they have

---

[5]The Court notes that the "fraudulent joinder" of a non-diverse party for the purpose of defeating diversity jurisdiction may not serve to defeat removal, and is contrary to the requirements of the Federal Rules of Civil Procedure which provide for the proper joinder of parties. <u>See</u> Fed.R.Civ.P. 20. <u>See also</u> Fed.R.Civ.P. 21. As explained by the Eleventh Circuit:

> Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in [three] situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant.... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts....[The third is] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant....

<u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998)(internal citations omitted). Fraudulent joinder finds it genesis in the requirement of Article III of the Constitution that a case or controversy must exist between the parties. Accordingly, there is no need for an additional statutory grant of authority. However, a seemingly improper maneuver to avoid federal jurisdiction is not prohibited by the Constitution or statute.

only such jurisdiction as the statutes expressly confer, and this jurisdiction must always affirmatively appear." Le Mieux Bros. v. Tremont Lumber Co., 140 F.2d 387, 389 (5th Cir. 1944). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of South Alabama, 168 F.3d at 411.

The Court is mindful that some federal courts in jurisdictions other than the Eleventh Circuit have reviewed the motives of parties who have acted to destroy diversity jurisdiction, through the pre-suit assignment of claims, on the basis of general notions of the desirability of a federal court to protect its diversity jurisdiction. See, e.g., Grassi v. Ciba-Geigy, Ltd., 894 F.2d 181, 185 (5th Cir. 1990)(partial assignment of claim); Attorney's Trust v. CMC, 93 F.3d 593 (9th Cir. 1996); JMTR Enterprises, L.L.C. v. Duchin, 42 F.Supp.2d 87, 91 (D.Mass. 1999)(partial assignment of claim); Douglas Energy of New York, Inc. v. Mobil Oil Corp., 585 F.Supp. 546 (D.Kan. 1984)(reincorporation by plaintiff to circumvent diversity jurisdiction). However, the undersigned is not convinced that a federal court has jurisdiction to protect a litigant's right to remove to federal court outside the parameters of the Constitution or a specific statutory grant from Congress. Congress specifically limited 28 U.S.C. § 1359 to improper attempts to invoke jurisdiction. It is not the role of a federal court to re-write the statute.

For the above reasons, the undersigned finds that defendants have not overcome the "presumption against the exercise of federal jurisdiction" in this circuit. Russell Corporation, 264 F.3d at 1049. "Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." Burns, 31 F.3d at 1095. "[T]he motive of the plaintiff, taken by itself, does not affect the right to remove." Triggs, 154 F.3d at 1290-91 (rejecting fraudulent joinder allegation and

-11-

ordering remand, where defendants asserted that party was joined "for the purpose of defeating diversity jurisdiction").

Accordingly, the undersigned **RECOMMENDS** that, under the authority of 28 U.S.C. § 1447(c), this action be remanded to the Circuit Court of Mobile County, Alabama on the basis of lack of federal subject-matter jurisdiction.  See, e.g., Russell Corporation, 264 F.3d at 1043-44 (noting that 28 U.S.C. § 1447(c) provides that a "lack of subject matter jurisdiction" is a ground for "remanding a removed case").

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this the 22nd day of May, 2002.

KRISTI D. LEE
UNITED STATES MAGISTRATE JUDGE

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.    **Objection**.  Any party who objects to this recommendation or anything in it must, within 10 days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Opposing part's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed.R.Civ.P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 27nd day of ___May___, 2002.

KRISTI D. LEE
UNITED STATES MAGISTRATE JUDGE