IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED JUL 25 '02 PM 1 56 USDC ALS

| | | |
|---|---|---|
| MOBILE BAY WOOD CHIP, SOUTHEAST WOOD FIBER, L.L.C., and MID ATLANTIC TERMINALS, L.L.C., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 02-0096-P-L |
| MARUBENI CORPORATION and MARUBENI PULP AND PAPER, INC., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER MODIFYING AND ADOPTING THE
## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is MODIFIED and ADOPTED as the opinion of this court.

The modification is as follows. 1) At page 3, last paragraph, indented quotation, line 8, following "of Incorporation." add - On December 27, 2001, Southern Hardwood Chips, Inc. (Alabama) was merged SHC, Inc., changing its name to Southern Hardwood Chips, Inc. (Id., Certificate of Merger.).

This court also writes to defendants' Statement of Objection to the Report and Recommendation (doc.33), to which plaintiff has filed a Response (doc.34). Defendants raise one objection: That "[t]he Recommendation erroneously concludes that federal district courts

cannot prohibit fraudulent action designed to destroy diversity jurisdiction." (doc.33, p.4). In support of the assertion, defendants present two arguments. First, defendants argue that "[f]ederal courts have the inherent right to protect their own jurisdiction against fraudulent action intended to destroy jurisdiction." Id., at 5. Second, defendants argue that "[p]rohibiting plaintiffs from fraudulently destroying diversity here will not impermissibly expand federal jurisdiction; the cases cited in the Recommendation concerning strict construction of the removal statute are inapposite." Id., at 9. Defendants also assert that "[e]ven if the Court adopts the Report and Recommendation and remands the action to Alabama state court, defendant Marubeni will remove the action filed against it as of right under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, codified in the Federal Arbitration Act of 9 U.S.C. §§ 201-208..., on the basis that the claims are subject to binding arbitration agreements." Id., at 11.

Plaintiffs counter that defendants are raising new arguments, arguments not presented to the Magistrate Judge for consideration, and contend that the court should disregard those arguments. Plaintiffs also challenge the merits of defendants' pronouncement regarding removability under the Federal Arbitration Act.

Rule 72(b) of the Federal Rules of Civil Procedure provides for *de novo* review by the district judge of those portions of the Report and Recommendation to which objection is made. Defendants assert that a *de novo* review "requires the district judge to arrive at his own, independent conclusion about those portions of the magistrate's report to which objection is made," referring this court to Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992), a *habeas corpus* action challenging the constitutionality of an alleged illegally obtained confession (doc.33, p.4).

2

The Stokes case is distinguishable from the action *sub judice*. In Stokes, the Eleventh Circuit reaffirmed its holding that "whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue." Id., at 1576. In Stokes, the Eleventh Circuit, after determining that the district court did not sufficiently review all the facts, concluded: "We may not affirm a district court's denial of a writ of *habeas corpus* unless the court either held a hearing, or the record shows that the district court independently reviewed the relevant portions of the state court record." Id., at 1581.[1] However, the Stokes opinion does not address the specific issue before this court, the review entitled, if any, to arguments presented to the district court not having been previously presented to the Magistrate Judge for consideration in the Report and Recommendation.

This court's research indicates that the Eleventh Circuit has not expressly addressed the issue. Plaintiffs direct the court to Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985 (1st Cir. 1988) (a tort action brought pursuant to 28 U.S.C. § 1332), for guidance. Therein, the First Circuit addressed the issue of whether the district court had committed reversible error by turning a "deaf ear" to theories of the aggrieved party not adequately called to the magistrate judge's

---

[1] The Stokes opinion has been relied upon only twice with regard to this particular issue. It was cited in a civil rights action brought under 42 U.S.C. § 1983, Garvey v. Vaughn, 993 F.2d 776, 779, n.9 (11th Cir. 1993) ("Because Johnson did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings." (emphasis in original)). In Garvey, the issue was the timeliness of prison inmate plaintiffs' filings.

The Stokes case was also cited in Everwood Treatment Co., Inc. v. U.S. Environmental Protection Agency, 1998 WL 1674543, *4 (S.D.Ala. (Jan. 21, 1998), *unpub. op.*, (J. Vollmer)). In Everwood, Judge Vollmer stated that "the *de novo* standard requires the district judge to base his conclusions on an independent review of the record rather than the magistrate judge's findings," citing Stokes. However, in Everwood, the review process was governed by the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (the substantial evidence standard), and the aggrieved petitioners asserted that the magistrate judge failed to consider many of the issues raised in their agency appeal. Everwood, at *4-5.

3

attention for purposes of report and recommendation. Id., at 990.

In Paterson-Leitch, the First Circuit determined that Rule 72(b) does not permit a litigant to present new initiatives to the district judge. Id., at 990. "[A]n unsuccessful party is not entitled as of right to *de novo* review by the district judge of an argument never seasonably raised before the magistrate." Id., at 990-91.

> The role played by magistrates within the federal judicial framework is an important one. They exist "to assume some of the burden imposed on the district courts by a burgeoning caseload." Chamblee v. Schweiker, 518 F.Supp. 519, 520 (N.D.Ga. 1981). The system is premised on the notion that magistrates will "relieve courts of unnecessary work." Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980). Systematic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and - having received an unfavorable recommendation - shift gears before the district judge. *Cf.* James v. Watt, 716 F.2d 71, 78 (1st Cir. 1983), cert. denied, 467 U.S. 1209,... (1984) (allowing amendment asserting new theory after district court dismissal "would allow plaintiffs to pursue a case to judgment and then, if they lose, to reopen the case... to take account of the court's decision... a practice which... should not be sanctioned in the absence of compelling circumstances"). Such a fast shuffling of the orderly processes of federal litigation should not be encouraged.

Id., at 991.

Defendants' assertion regarding the Convention on the Recognition and Enforcement of Foreign Arbitral Awards was not presented to the Magistrate Judge. Thus, as an initial matter, this court disregards defendants' pronouncement. Id., at 990 (Rule 72(b) entitles the aggrieved party to a review; it does not permit the litigant to present new initiatives to the district judge).

Defendant's remaining two arguments in support of their position are overruled. First, defendants argue that federal courts have the inherent right to protect their own jurisdiction against fraudulent actions intended to destroy diversity. Defendants' argument reiterates that

4

which they presented to the Magistrate Judge. This court finds that the issues involved were thoroughly addressed by the Magistrate Judge. The Report and Recommendation reflects a sound analysis. Defendants' first argument in support of their objection is OVERRULED.

Second, defendants argue that "[p]rohibiting plaintiffs from fraudulently destroying diversity here will not impermissibly expand federal jurisdiction; the cases cited in the Recommendation concerning strict construction of the removal statute are inapposite." Again, a review of defendants' memoranda reflect that defendants have proffered the same arguments they presented to the Magistrate Judge. After reviewing all relevant matter presented and the Report and Recommendation, this court finds that the Magistrate Judge presented a thorough analysis of the issues implicated regarding federal diversity jurisdiction and presented a clear analysis of the pertinent legal standards. Defendants' second argument in support of their objection is OVERRULED.

It is worthy of repeating that it remains undisputed in this action that Southern Hardwood Chips, Inc., was a member of Southeast Wood Fiber, L.L.C., as of the date of the filing of the complaint in the Circuit Court of Mobile County. A corporation is a citizen of its state of incorporation and a citizen of where it has its principal place of business, and the citizenship of a limited liability company is determined by the citizenship of its members. In this case plaintiffs are citizens of Delaware and Alabama. Defendant Marubeni Pulp & Paper, Inc., is a citizen of Delaware with its principal place of business in New York (doc.32, p.2, 4, 6, 9). Thus, there is no diversity among the parties. As such, federal diversity jurisdiction is lacking.

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under

28 U.S.C. § 636(b)(1)(B) is MODIFIED and ADOPTED as the opinion of this court.

It is ORDERED that this action be REMANDED to the Circuit Court of Mobile County, Alabama. The Clerk, upon the lapse of the 10-day objection period, shall effectuate the remand.

DONE this 24 day of July, 2002.

                                          /s/ Virgil Pittman
                                          SENIOR UNITED STATES DISTRICT JUDGE

U.S. DISTRICT COURT
SOU. DIST. ALA.
FILED THIS THE
25TH DAY OF July,
2002. JUDGEMENT ENTRY
NO. 70941
CHARLES R. DIARD, JR., CLERK
BY _____
DEPUTY CLERK

JUDGEMENT ENTERED ON DOCKET
Date 7/25/02
CHARLES R. DIARD, JR., CLERK